UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DHARASENA DUSTYN ORISSA
ODOM,

        Plaintiff,

v.                                       Case No:  6:19-cv-2257-Orl-GJK

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

MEMORANDUM OF DECISION

Dharasena Dustyn Orissa Odom (the "Claimant"), appeals from a final decision of the Commissioner of Social Security (the "Commissioner"), denying her application for disability insurance benefits. Doc. Nos. 1, 30.  Claimant alleges a disability onset date of June 30, 2009.  R. 15.  Claimant raises a single issue on appeal:  this matter should be remanded for the ALJ to consider new, material evidence that Claimant has submitted to this Court for the first time.  Doc. No. 30 at 22.  It is **ORDERED** that the request to remand this matter is **DENIED**, and the decision of the Commissioner is **AFFIRMED.**

STANDARD OF REVIEW

A claimant may present new evidence at each stage of the administrative process.  *Griffin v. Comm'r of Soc. Sec.*, 723 F. App'x 855, 857 (11th Cir. 2018).  A

claimant may also present new evidence for the first time to the District Court. *See* 42 U.S.C. 405(g); *St. Onge v. Comm'r of Soc. Sec.*, No. 2:19-cv-84, 2020 U.S. Dist. LEXIS 216298, at *9 (M.D. Fla. Oct. 30, 2020). Additional evidence presented to the Court, and not to the administrative agency, must be considered under a sentence six analysis. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007). Sentence six of 42 U.S.C. § 405(g) provides that: "The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." Thus, Claimant must demonstrate the evidence submitted to the district court is new and material, and that good cause exists for failing to submit the evidence at the agency level. *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001).

I.   **ANALYSIS**

Claimant argues that remand is required under sentence six of 42 U.S.C. § 405(g) based on new evidence submitted to this Court including: 1) treatment records from the Veterans' Administration Medical Center ("VA Center") from September 20, 2007 through December 29, 2008 and treatment records from the VA Center from September 20, 2007 through August 31, 2009 (the "VA medical records"); 2) a retrospective medical opinion from Claimant's treating psychiatrist

Dr. Alp Yurdakul dated July 30, 2019; 3) a letter of support from Dr. Yurdakul dated November 22, 2019; and 4) a psychological evaluation completed by Camellia Westwell, Psy. D. on August 31, 2009 which was also part of the VA medical records.[1]  Doc. No. 30 at 23-24; Doc. No. 34-2 at 6-16.

To prevail under sentence six review, a Claimant must establish that:  the additional evidence is new and non-cumulative;  the evidence is material, meaning it is relevant and probative and there is a reasonable possibility that it would change the administrative result; and there is good cause for the failure to submit the evidence at the administrative level.  *Enix v. Comm'r of Soc. Sec.*, 461 F. App'x 861, 863 (11th Cir. 2012); *Vega*, 265 F.3d at 1218.  New evidence must "relate to the period on or before the date of the administrative law judge's decision."  *Enix*, 461 F. App'x at 863;  *St. Onge*, 2020 U.S. Dist. LEXIS 216298, at *10.  Good cause may exist where the evidence did not exist at the time of the administrative proceeding and there is no indication of a bad faith attempt to manipulate the administrative process.  *Rivera v. Comm'r of Soc. Sec.*, No. 6:19-cv-843, 2020 U.S. Dist. LEXIS 77948, at *14 (M.D. Fla. May 4, 2020) (quoting *Cherry v. Heckler*, 760 F.2d 1186, 1192 (11th Cir. 1985)).

Claimant argues that: 1) the evidence is new, material, relevant, and

---

[1] The exhibits that comprise the new evidence were not filed with the Joint Memorandum, but were filed after an order issued from the Court.  Doc. Nos. 33, 34.

probative; 2) there is a reasonable possibility this new evidence would change the administrative result; and 3) there is good cause for the failure to submit the evidence at the administrative level.  Doc. No. 30 at 24.

At the hearing before the ALJ on May 6, 2019, counsel for Claimant realized the VA medical records were missing from the administrative record, and requested additional time to obtain them.[2]  R. 82, 96, 333.  The ALJ gave Claimant an additional 30 days to obtain the VA medical records before making his decision.  R. 96.  On June 5, 2019, Claimant requested an additional 30 day extension because she initially requested the records sought from the VA Center in Viera but they had been transferred to the VA Center in Tampa due to their age.  Doc. No. 30 at 28; R. 332-33.  The ALJ denied the request for a second extension.  R. 15.  The ALJ issued his decision on June 21, 2019.  R. 16.

The VA medical records were printed by the VA Center in Tampa on May 30, 2019 and July 23, 2019.  Doc. Nos. 34-1 at 1; 34-2 at 1. On July 30, 2019, Dr. Yurdakul provided an updated medical source opinion that Claimant's work limitations[3] could be applied retrospectively to the relevant time period based on his review of the VA medical records. Doc. No. 30 at 5; Doc. No. 34-4.

---

[2] Counsel advised that despite a request to the VA from the Social Security office for Claimant's records, a review of the records provided indicated there were more records available that had not been provided by the VA. T. 82, 96-97.
[3] Dr. Yurdakul, who began treating Claimant after the relevant time period, had previously provided a medical source statement regarding Claimant's ability to work on April 30, 2019 that was part of the record before the ALJ. R. 3917-18.

4

On August 26, 2019, Claimant submitted a request for review to the Appeals Council. R. 206-09. On September 3, 2019, the Appeals Council granted Claimant's request for more time to submit her appeal advising it would not act for 25 days. R. 7-8. The letter indicated the Appeals Council would consider additional evidence submitted by Claimant. R. 7. However, the record does not reflect Claimant submitted any additional evidence. R. 4, 5. On October 10, 2019, the Appeals Council affirmed the ALJ's decision. R. 2, 5.

On November 22, 2019, Dr. Yurdakul provided a letter in support of Claimant's disability claim. Doc. No. 30 at 6, 24. The contents of that letter consisted of a recounting of treatment notes from Dr. Sanjuro at the VA Center in Tampa on August 29, 2008, which included Claimant's diagnoses. Doc. No. 34-3. The letter contains no opinion or other information not contained in the VA medical records. *Id.*

Claimant provides evidence for the first time to this Court which includes the VA medical records and Dr. Yurdakul's July 30, 2019 updated medical source opinion based on those records. Doc. No. 30 at 5, 23; Doc. Nos. 34-1, 34-2 at 1-16, 34-4, and 34-5. The VA medical records clearly existed prior to Claimant's administrative hearing as they are from 2007 to 2009, but Claimant argues the VA's failure to provide medical records from 2007 to 2009 provides good cause for her

failure to submit them at the administrative hearing.[4] Doc. No. 30 at 27. When it became apparent at the administrative hearing that the VA medical records existed, the ALJ gave Claimant an extension to obtain them. R. 82, 96, 333. Then, Claimant mistakenly sought the VA medical records from the wrong VA Center.[5] R. 332-33. The ALJ denied her request for a further extension to obtain the records. R. 15, 332. On June 26, 2019, the ALJ issued a decision. R. 12-24.

Claimant argues that there was good cause for her failure to obtain the VA medical records prior to the ALJ's decision given the mistaken representations by the VA on two separate occasions before the ALJ issued a decision. Doc. No. 30 at 28. In response, the Commissioner argues that there was no good cause for the failure to provide the VA medical records to the Appeals Council once Claimant obtained them after the ALJ's decision. *Id.* at 29-30. Claimant does not address her failure to submit the VA medical records to the Appeals Council prior to its decision on October 10, 2019. *Id.* at 27-28; R. 5. The Commissioner also argues there is no good cause for the failure to obtain Dr. Yurdakul's updated medical source opinion prior to the ALJ's decision, and certainly no good cause for failing to provide it to the Appeals Council. Doc. No. 30 at 30-31. Claimant does not

---

[4] The July 30, 2019 letter did not exist prior to the ALJ's decision but relates back to the period prior to the ALJ's decision.
[5] Claimant received treatment at the VA Center in Viera and understood the records would be there, but learned after requesting them that the VA medical records were not available in Viera due to their age, and were located at the VA Center in Tampa. R. 83, 332-33.

address her failure to submit Dr. Yurdakul's July 30, 2019 letter to the Appeals Council.  *Id.* at 27-28.

The record reflects Claimant was in possession of the VA medical records and Dr. Yurdakul's July 30, 2019 letter  prior to the Appeals Council's deadline to submit new evidence and the Appeals Council's decision.  Doc. Nos. 30 at 5; 34-1 at 1; 34-2 at 1; 34-4; R. 4, 5, 7.  The record reflects Claimant failed to submit the VA medical records and Dr. Yurdakul's July 30, 2019 letter to the Appeals Council.  *See* R. 4, 5 (listing exhibits received by the Appeals Council).   Thus, even if the Court were persuaded that the VA's errors constituted good cause for a delay in obtaining the VA medical records before the ALJ issued a decision, or that there was good cause to support the belated updated medical source opinion rendered by Dr. Yurdakul on July 30, 2019, the Commissioner's argument that Claimant unjustifiably failed to present this evidence to the Appeals Council is dispositive.  It is Claimant's burden to show remand is warranted and  Claimant has failed to offer any justification for failing to present this evidence.  Thus, the evidence cannot serve as a basis for a sentence six remand.  *See McGriff v. Comm'r of Soc. Sec.*, 654 F. App'x 469, 473 (11th Cir. 2016) (affirming denial of motion to remand where claimant obtained physician's report well before Appeals Council denied her request for review and offered no reason for failing to submit the report to the Appeals Council); *St. Onge*, 2020 U.S. Dist. LEXIS 216298, at *16-17 (finding that a

claimant could not demonstrate good cause when the available evidence was not submitted to the Appeals Council prior to its decision and claimant failed to demonstrate counsel diligently attempted to submit the records); *Whitaker v. Colvin*, No. cv 114-029, 2015 U.S. Dist. LEXIS 72643, at *27-28 (S.D. Ga. May 15, 2015), *report and recommendation adopted* 2015 U.S. Dist. LEXIS 72264 (S.D. Ga. June 4, 2015) (finding no good cause when a report was dated one month after the deadline Appeals Council gave to provide new evidence but five months before Appeals Council actually rendered its decision and plaintiff provided no explanation or argument as to why there could be good cause for its belated submission to the district court).

Unlike the other evidence presented, Dr. Yurdakul's letter dated November 22, 2019 did not exist during the administrative process which ended on October 10, 2019. However, the letter does nothing more than recount records Dr. Yurdakul reviewed and cites a specific record from the VA medical records Claimant obtained prior to the Appeals Council's decision which could have been addressed by Dr. Yurdakul at the latest in his July 30, 2019 updated medical source opinion prior to the Appeals Council's decision. Doc. Nos. 34-3; 34-4. Thus, although the letter itself is more recent evidence, there is no reason why such a letter could not have been provided earlier, it is not material simply because it summarizes what is reflected in earlier medical records, and because of that, it is

unlikely to impact the administrative outcome of the case. For those reasons, Claimant fails to demonstrate that the November 22, 2019 letter warrants a sentence six remand.

## II. CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1. This matter is **AFFIRMED**; and

2. The Clerk is directed to close the case.

**DONE** in Orlando, Florida, February 18, 2021.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Bradley K. Boyd, Esq.
1310 West Eau Gallie Blvd., Suite D
Melbourne, Florida 32935

Maria Chapa Lopez
United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, Florida 33602

Christopher G. Harris, Regional Chief Counsel, Atlanta
John C. Stoner, Deputy Regional Chief Counsel
Jerome Albanese, Branch Chief
Malia Holzberger, Assistant Regional Counsel

Social Security Administration
Office of the General Counsel, Region IV
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable Richard J. Ortiz-Valero
U.S. Administrative Law Judge
Office of Hearing Operations
Suite 1000, 10th Floor
500 East Broward Blvd.
Ft. Lauderdale, Florida 33394-9978